# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARK ROSS, individually
and on behalf of similarly situated
persons,

        Plaintiff,

v.

SUBCONTRACTING CONCEPTS,
LLC, AUTO-WARES, LLC, and
JOHN DOES 1-10.

        Defendants.

Case No. 2:20-cv-12994

Hon.

Magistrate Judge

_____

David M. Blanchard (P67190)
Frances J. Hollander (P82180)
BLANCHARD & WALKER, PLLC
Attorneys for Plaintiff
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com
hollander@bwlawonline.com

_____

## COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

Plaintiff Mark Ross, individually and on behalf of all other similarly situated

delivery drivers, for his Collective Action Complaint against Defendants, alleges as

follows:

1.    This is a collective action brought on behalf of individuals who perform

or have performed delivery services for Defendants Subcontracting Concepts, LLC, Auto-Wares, LLC, and Does 1-10 and who are misclassified by Defendants as independent contractors and as a result are deprived of compensation in violation of minimum wage and overtime protections pursuant to the Fair Labor Standards Act.

2.     Defendant Subcontracting Concepts, LLC ("SCI") recruits, hires, and pays Plaintiff and collective members, placing them at delivery fulfillment centers around the country, including those operated by Defendant Auto-Wares, LLC and similar Doe Defendants, to provide last mile delivery of goods flowing in interstate commerce.

3.     Defendants collectively control the manner in which these services are performed, and Defendants benefit from the performance of these services.

4.     The individuals who perform these services, on whose behalf this collective action is brought, are improperly classified as independent contractors and are thus denied the protections of state and federal wage and hour laws, including through Defendants' failure to pay overtime for hours worked in excess of forty (40) per week.

5.     Plaintiff and other collective members utilize their own automobiles to deliver goods and products. Defendants pay a straight hourly rate for all hours worked, failing to provide the overtime premium required by the Fair Labor Standards Act.  Defendants also do not reimburse their drivers the reasonable per-

mile expense of using their own vehicles for Defendants' benefit. As a result of Defendants' reimbursement practices, the drivers' wages fall below the federal minimum wage during some or all work weeks (nominal wages – unreimbursed vehicle expenses = subminimum net wages).

6.      Plaintiff brings claims on behalf of himself and a class of similarly situated individuals (the "drivers" or the "collective members") who provide delivery services and have been misclassified as independent contractors for Defendants throughout the United States under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, to recover unpaid overtime and unpaid minimum wages.

## JURISDICTION AND VENUE

7.      This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff has brought a claim pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

8.      Venue is proper in this Court under 28 U.S.C. § 1391 because the events giving rise to this action took place in this district, Defendants employed Plaintiff in this district, and Defendants do business, maintain a corporate presence, and have substantial contacts in this district.

## PARTIES

9.     Plaintiff Mark Ross is an adult resident of Detroit, Michigan who provided last-mile delivery services using his own automobile for Defendants in Michigan while erroneously misclassified as an "independent contractor" from June 2015 until November 2019.  Mr. Ross's consent to bring this action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with the Court.

10.    Plaintiff brings this action on his own behalf and on behalf of others similarly situated, including all individuals who may choose to opt-in to this action who have provided delivery services for Defendants utilizing their own automobiles, and who were improperly classified as independent contractors, and thus denied overtime pay for hours worked greater than forty (40) hours per week and paid a sub-minimum hourly wage due to unreimbursed vehicle expenses. Similarly situated individuals may also choose to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

11.    Defendant Subcontracting Concepts, LLC ("SCI") is a company having a principal place of business in Queensbury, New York, out of which it provides employment services to companies throughout the United States, including in southeastern Michigan, and operates as a single or common enterprise with Defendant Auto-Wares, LLC and other Doe Defendants.

12.    Defendant Auto-Wares, LLC ("Auto-Wares") is a Michigan for-profit

corporation that conducts business throughout southeastern Michigan and has its registered office in Grand Rapids, Michigan. Auto-Wares operates multiple warehouses and shops throughout the state of Michigan, including but not limited to Maxi Automotive ("Maxi"), from which it uses Plaintiff and other collective members to deliver automobile parts.

13.     Defendants Does 1-10 inclusive are to be identified later through discovery as corporate entities and/or individuals who operate as joint employers with Defendant SCI, form a single enterprises and/or constitute joint employers under the FLSA, or are otherwise liable for the conduct alleged.

14.     Defendant SCI partners with Auto-Wares and other Doe Defendants to comprise a "single integrated employer" as they share interrelation of operations, common management, centralized control of labor relations, and coordination of driver compensation policies.

15.     Alternatively or cumulatively, all or some Defendant Entities constitute "joint employers" because the drivers' work simultaneously benefits all or a subset of Defendants and each Defendant acts directly or indirectly in the interest of all or a subset of Defendants in relation to the drivers and/or Defendants are not completely disassociated with respect to the employment of the drivers and may be deemed to share control of the drivers, directly or indirectly, by reason of the fact that all or a subset of Defendants are under common control.

## COLLECTIVE DEFINITION

16.     Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself and the following class of potential FLSA opt-in litigants:

> All individuals who contracted with SCI as last-mile delivery drivers using their own personal vehicles in the United States from three years prior to the filing of this Action who were classified as independent contractors ("the FLSA Collective").

17.     Plaintiff reserves the right to redefine the Collective prior to notice and collective certification, and thereafter, as necessary.

## STATEMENT OF FACTS

*Defendants' Business*

18.     Defendant SCI hires individuals, including Plaintiff and others similarly situated, to perform last-mile delivery services for their customers nationwide as so-called "independent contractors."

19.     Defendant SCI contracts or coordinates with Defendant Auto-Wares and with other Doe Defendants to perform many of the employment functions for its partners.

20.     Defendant SCI recruits collective members using craigslist or other online services, decides which applicants to consider, and hires collective members.

21.     Defendant SCI is responsible for all background checks and for determining whether collective members are qualified to provide last-mile delivery

services.

22.     Defendant SCI is responsible for paying collective members and does so only on a straight hourly rate regardless of whether collective members work overtime.

23.     Defendant SCI tracks collective members' work and location throughout the day using a smart phone web application.

24.     Defendant SCI has regional supervisors who check in at the job sites of Defendants' drivers.

25.     Defendant SCI has the power to hire and fire or reassign collective members.

26.     Defendant SCI checks for and requires that the collective members have valid driver's licenses and valid insurance and vehicle registration for their personal vehicles.

27.     Defendant SCI requires that the collective members report any on-the-clock accidents within a specific amount of time and provide documentation of the accident.

28.     Defendant SCI is in charge of job site assignment, whether those job sites be with Defendant Auto-Wares or with another Doe Defendant.

29.     Defendant Auto-Wares and other Doe Defendants provide additional day-to-day supervision of collective members, including setting the hours worked,

scheduling, and routing or re-routing collective members throughout the workday.

30.     Defendants are aware that Plaintiff and collective members work overtime but fail to pay an overtime premium for hours over 40.

31.     Defendants require Plaintiffs and all others similarly situated to utilize their personal vehicles to work for Defendants' benefit, but they fail to pay for the expenses associated, resulting in a net hourly pay of Plaintiff and other collective members that falls below the federal minimum wage.

**Misclassification of Plaintiff and Collective Members as Independent Contractors Results in Overtime Pay Violations**

32.     Defendants required Plaintiff and other similarly situated drivers to work over forty (40) hours in a workweek. Defendants do not pay an overtime premium of one-and-one-half times drivers' hourly rate for any hours worked over forty (40) in a workweek.

33.     Although Defendants classify these drivers as "independent contractors," the nature of the services they perform, and the manner in which they perform these services, make it clear that they are actually employees who are economically dependent upon Defendants for their livelihood.

34.     Plaintiff and the collective members are recruited by Defendant SCI.

35.     Plaintiff and the collective members have background checks done by Defendant SCI.

36.     Plaintiff and the collective members are paid by Defendant SCI.

37.    Plaintiff and the collective members are not free to direct their own work, but instead Defendant SCI tracks the collective members throughout the day using its own online web application.

38.    Plaintiff and the collective members are checked on at their job sites by Defendant SCI.

39.    Defendant SCI has the power to hire and fire Defendants' drivers.

40.    Plaintiff and the collective members are required by Defendant SCI to maintain valid drivers' licenses and valid insurance and registrations for the cars they drive for Defendants' benefit.

41.    Plaintiff and the collective members are not free to elect which specific jobs to perform, but instead Defendant SCI is in charge of job site assignment, whether those job sites be with Defendant Auto-Wares or with another Doe delivery company.

42.    Plaintiff and the collective members do not elect which deliveries to perform. Instead, Defendants determine the delivery items, times of deliveries, and locations of deliveries that their drivers must perform. Defendant Auto-Wares is in charge of determining where and when the drivers go to Defendants' customers.

43.    Plaintiff and the collective members are not free to set their own schedules, but instead Defendants require their drivers to appear for shifts at specific times and can discipline drivers who do not show up at the appointed place and time.

44.     Plaintiff and the collective members do not have the discretion to work when they desire during the day, but instead Defendant Auto-Wares contacts Plaintiff and the collective members throughout the day, sometimes rerouting the drivers to different places to pick up or drop off an item for Defendants' customers.

***Defendants' Failure to Reimburse Automobile Expenses at a Reasonable Rate Causes Minimum Wage Violations***

45.     Defendants require Plaintiff and others similarly situated to maintain and pay for safe, legally-operable, and insured automobiles when delivering products for Defendants' benefit.

46.     Defendants' drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering products for the benefit of Defendants.

47.     Defendants made no effort to track or reimburse actual or estimated expenses incurred by their drivers.

48.     The IRS business mileage reimbursement rate during the longest FLSA limitations period was between $0.535 and $0.580.

49.     The driving conditions associated with the delivery business cause more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as and in the manner of a delivery driver. Defendants' drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and

operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures. The result of Defendants' driver reimbursement policy is a reimbursement of much less than a reasonable approximation of their drivers' automobile expenses.

50.    Defendants' systematic failure to reimburse automobile expenses adequately constitutes a "kickback" to Defendants such that the hourly wages they pay to Plaintiff and Defendants' other drivers are not paid free and clear of all outstanding obligations to Defendants.

51.    Using the lowest IRS standard business mileage rate in effect during Plaintiff's employment as a reasonable estimate of Plaintiff's per-mile vehicle costs, every mile driven on the job decreased Plaintiff's net wages by at least $0.535 for every unreimbursed mile driven.

52.    Plaintiff estimates that he drove at least 500 miles per week for Defendants' benefit, or at least 100 miles per day.

53.    Plaintiff estimates that he worked an average of 9 hours per day for Defendants.

54.    Considering Plaintiff's estimate of at least 100 miles driven for Defendants' per day, Defendants under-reimbursed him by at least about $53.50 per day ($0.535 x 100 miles), or approximately $5.94 for each hour driven ($53.50 ÷ 9

hours), or more.

55.    The federal minimum wage has been $7.25 per hour since July 24, 2009.

56.    At all relevant times, Defendants paid Plaintiff $11.00 per hour.

57.    Thus, Plaintiff consistently "kicked back" to Defendants approximately $5.94 per hour for an effective hourly wage rate of about $5.06 ($11.00 per hour - $5.94 kickback).

58.    Defendants failed to reimburse reasonably the amount of their drivers' automobile expenses to such an extent that their drivers' net wages are diminished beneath the federal minimum wage requirements.

59.    All of Defendants' drivers had similar experiences to those of Plaintiff. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at a low hourly rate before deducting unreimbursed business expenses.

60.    While the amount of Defendants' actual reimbursements per mile may vary over time, Defendants relied on the same flawed policy with respect to all drivers. Thus, although reimbursement amounts may differ somewhat over time, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

61.     The net effect of Defendants' flawed pay and reimbursement policies is that they willfully fail to pay the state and federal minimum wage and overtime to their drivers.

### Collective Action Allegations

62.     Plaintiff brings this lawsuit under the FLSA as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. §216(b).

63.     The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. §216(b).

64.     Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of failing to pay employees federal minimum wage and the federally-mandated overtime premium for all hours worked over forty (40) in a workweek. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail or email.

65.     Plaintiffs and all collective members are similarly situated in that:

a. They were classified as independent contractors;

b. They worked over forty (40) hours in a workweek;

c. They were not paid time-and-a-half for all hours worked over forty (40) in a workweek;

d. They worked as drivers for Defendants delivering products to Defendants' customers;

e. They delivered products using light duty automobiles not owned or maintained by Defendants;

f. Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;

g. They incurred costs for automobile expenses while delivering products for the primary benefit of Defendants and their customers;

h. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

i. They were subject to the same pay policies and practices of Defendants;

j. They were subject to the same driver reimbursement policy and systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks; and

k. They were paid similar hourly wage rates.

66.     The one common legal question for all collective members is whether they are "employees," and thus entitled to protection under the FLSA. This shared determinative question makes the collective process under the FLSA a superior and efficient way to adjudicate the legal rights of Plaintiff and the FLSA Collective.

67.     Defendants employ many FLSA Collective Members throughout the United States. These similarly situated employees may be readily notified of this action through U.S. Mail and/or other means, and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b), for purposes of collectively adjudicating their claims for overtime compensation, minimum wage, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

**COUNT I**
**Unpaid Overtime Violation of**
**The Fair Labor Standards Act of 1938 ("FLSA")**
**On Behalf of Plaintiff and the FLSA Collective**

68.     Plaintiff incorporates the foregoing allegations of this Complaint as if fully stated herein.

69.     Defendants are employers within the coverage of the FLSA, 29 U.S.C. § 203(d).

70.      Plaintiff is an employee within the coverage of the FLSA, 29 U.S.C. § 203(d).

71.     Defendants are subject to the FLSA's overtime wage requirements because they form an enterprise engaged in interstate commerce, and their employees are engaged in commerce.

72.     At all relevant times herein, Plaintiff and all other similarly situated drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

73.     Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal overtime wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated drivers.

74.     The FLSA regulates, among other things, the payment of overtime wages by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

75.     Plaintiff and the FLSA Collective are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

76.     As alleged herein, Defendants, pursuant to their policies and practices, failed and refused to pay overtime compensation to Plaintiff and the FLSA Collective for their overtime hours worked by misclassifying Plaintiff and the FLSA Collective as independent contractors exempt from the overtime requirements of the FLSA.

77.     Defendants knew or should have known that their failure to compensate Plaintiff and the FLSA Collective at a rate of one-and-one-half times their regular hourly wage for hours worked in excess of forty (40) per week violated the FLSA.

78.     Defendants have acted neither in good faith nor with reasonable

grounds to believe that their actions and omissions were not a violation of the FLSA. As a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants are not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

79. As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## COUNT II
### Unpaid Minimum Wage Violation of
### The Fair Labor Standards Act of 1938 ("FLSA")
### On Behalf of Plaintiff and the FLSA Collective

80. Plaintiff incorporates the foregoing allegations of this Complaint as if fully stated herein.

81. Defendants are employers within the coverage of the FLSA, 29 U.S.C. § 203(d).

82. Plaintiff is an employee within the coverage of the FLSA, 29 U.S.C. § 203(d).

83.     Defendants are subject to the FLSA's minimum wage requirements because they form an enterprise engaged in interstate commerce, and their employees are engaged in commerce.

84.     At all relevant times herein, Plaintiff and all other similarly situated drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§201, *et seq*.

85.     Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated drivers.

86.     The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a).

87.     Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

88.     As alleged herein, Defendants have reimbursed their drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

89.     Defendants knew or should have known that their pay and reimbursement policies, practices, and methodology result in failure to compensate drivers at the federal minimum wage.

90.     Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

91.     Plaintiff and all similarly situated employees have been subjected to a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all similarly situated employees of Defendants.

92.     Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

93.     Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find

Defendants are not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

94.      As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## JURY DEMAND

Plaintiff requests a trial by jury on his claims.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Permission for individuals throughout the United States who perform delivery services for Defendants, are classified as independent contractors, utilize their own automobiles to delivery products on behalf of Defendants without adequate reimbursement, and have not been paid overtime for hours greater than forty (40) worked in a week, to opt-in to this action, pursuant to § 216(b) of the FLSA;

2. All damages to which the named Plaintiff and FLSA Collective Members may be entitled;

3. Liquidated and multiple damages as allowed by law, including double damages;

4. An injunction ordering Defendants to cease their violations of the law as described here;

5.  Attorneys' fees and costs; and

6.  Any other relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ David M. Blanchard
David M. Blanchard (P67190)
Frances J. Hollander (P82180)
BLANCHARD & WALKER, PLLC
Attorneys for Plaintiff
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com
hollander@bwlawonline.com

Dated: November 6, 2020