UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ROSS, individually
and on behalf of similarly situated
persons,

      Plaintiffs,

v.

SUBCONTRACTING CONCEPTS,
LLC, AUTO-WARES, LLC, and
JOHN DOES 1-10,

      Defendant.
_____/

Civil Case No. 20-12994
Honorable Linda V. Parker

## OPINION AND ORDER GRANTING APPROVAL OF FLSA SETTLEMENT

On November 6, 2020, Plaintiff Mark Ross ("Plaintiff Ross") on behalf of himself and similarly situated individuals, filed this action claiming that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by failing to pay minimum wage and overtime compensation. (ECF No. 1.) On January 27, 2021, Raynard Hurts ("Plaintiff Hurst") opted-in to the action, in addition to the named Plaintiff. (ECF. No. 15.) On December 23, 2021, the Court compelled arbitration and denied conditional certification of the matter as a collective action. (ECF No. 35.) On January 11, 2022, Plaintiffs appealed to the United States Sixth Circuit Court of Appeals (ECF. No. 37,) and as a part of the

appellate process, participated in mediation. On May 19, 2022, the Court granted the parties' Joint Motion for an Indicative Ruling to Effect Terms of Settlement. (ECF No. 41.) The Court has determined that oral argument is not necessary for proper resolution of this motion and will resolve the matter on the parties' written submission. E.D. Mich. L. R. 7.1(f)(2).

## I. Background

Defendant Subcontracting Concepts, LLC ("SCI") provides nationwide employment services, including office administrative support to logistics brokers and independent owners/operators in the transportation industry. (ECF No. 1 ¶ 12, 18, Pg ID 5; ECF No. 11 at Pg ID 56.) Defendant Auto-Wares, LLC ("AWI") provides auto parts to its customers, and contracts with logistics companies for delivery services. (ECF No. 12 at Pg ID 231.) On June 1, 2015, Plaintiff Ross signed an Owner/Operator Agreement with SCI, creating an employment arrangement. (*Id.*) Plaintiff Ross' employment lasted until November of 2019. Plaintiff Hurst was employed by Defendants beginning in September 2012 until Spring of 2019. (ECF No. 22 at Pg ID 505.).

In the Complaint, Plaintiffs maintain that they worked over forty hours per week, but Defendants failed to pay overtime or reimburse drivers for any personal expenses due to utilizing their own vehicles to carry out their job duties. (*Id.* ¶¶ 30-32, Pg ID 8.) Plaintiffs further allege that (1) they were misclassified as

independent contractors for purposes of the FLSA, and (2) Defendants are considered a "single integrated employer" or alternatively, are considered "joint employers" under the FLSA.[1] (ECF No. 1 ¶¶ 14-15, Pg ID 5.) Defendants dispute these claims. (ECF No. 28. at Pg ID 1126-28.)

## II. Applicable Law

When reviewing a proposed FLSA settlement, the court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores v. U.S.*, 679 F.2d 1350, 1355 (11th Cir. 1982). Further, "the district court may enter a stipulated judgement after scrutinizing the settlement for fairness." *Id.* at 1353. In determining whether a proposed settlement is fair and reasonable, the Court may consider several factors:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

Courts also find the inclusion of a confidentiality provision relevant to deciding whether an agreement settling FLSA claims is fair and reasonable. Some

---

[1] Section 791.2 of the FLSA provides a framework for determining the employer status for liability purposes.

3

courts conclude that a confidentiality provision is contrary to the FLSA's purpose and the presumption of public access to any judicial document. *See Steele v. Staffmark Invs., LLC*, 172 F. Supp. 3d 1024, 1030-31 (W.D. Tenn. 2016) (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1169 (6th Cir. 1983); *Guareno v. Vincent Perito, Inc.*, No. 14cv1635, 2014 WL 4953746, at *1 (S.D.N.Y. Sept. 26, 2014). As the district court stated in *Steele*: "A confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights." *Id*. at 1031 (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010). One of the FLSA's goals is "to ensure that all workers are aware of their rights." *Guareno*, 2014 WL 4953746, at *1 (citing *Dees*, 706 F. Supp. 2d at 1242). It is for those reasons that several courts within the Sixth Circuit have declined to approve an FLSA settlement agreement with a confidentiality provision. *Whitehead v. Garda CL Central, Inc.*, No. 3:20-cv-736, 2021 WL 4270121, at *2 (W.D. Ky. Sept. 20, 2021) (citing cases). *But see Athan v. United States Steel Corp.*, 523 F. Supp. 3d 960 (E.D. Mich. 2021) (recognizing that courts generally require FLSA settlement agreements to be a public record but allowing agreement to be filed with redacted amounts as "the issue of confidentiality was seen as a lynchpin of [the parties'] bargain during negotiations."). If the parties want the court to approve a settlement agreement

4

with a confidentiality provision, it is their burden "to articulate a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process." *Alewel v. Dex One Serv., Inc.*, No. 13-2312, 2013 WL 6858504, at *4 (D. Kan. Dec. 30, 2013) (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)).

Finally, where the settlement agreement includes the payment of attorney's fees, the court must assess the reasonableness of that amount. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012) (citing cases finding judicial review of the fee award necessary). "[T]he Court must carefully scrutinize the settlement and the circumstances in which it was reached, if only to ensure that 'the interest of [the] plaintiffs' counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients.'" *Id.* (quoting *Cisek v. Nat'l Surface Cleaning, Inc.*, 954 F. Supp. 110, 110-11 (S.D.N.Y. 1997)). Further, "a district court may choose to consider only factors that are relevant to the settlement at hand." *Snook v. Valley Ob-Gyn Clinic, P.C.*, No. 14-CV-12302, 2015 WL 144400, at *1 (E.D. Mich. Jan. 12, 2015) (citation omitted).

### III. Analysis

#### A. Presence of A Bona Fide Dispute

As indicated by the parties, there is a bona fide dispute as to (1) whether Defendants are considered a "single integrated employer" or "joint employers"

5

under the FLSA and (2) whether delivery drivers were misclassified as independent contractors, making them exempt from the FLSA's overtime requirements. (ECF No. 1 ¶¶ 14-15, Pg ID 5; ECF No. 12 at Pg ID 230.) In sum, parties contest whether Plaintiffs are entitled to any recovery of overtime compensation. As such, the proposed settlement is the product of contested litigation.

### B. Evaluation of Proposed Settlement Agreement

For the reasons set forth, the relevant factors set forth in *UAW*, 497 F.3d. at 631, weigh in favor of the Court's approval of the Settlement Agreement. First, the Court must consider whether fraud or collusion occurred in reaching the proposed settlement. The parties represent that Plaintiffs were interviewed by counsel and had the opportunity to individually review and execute the agreement. (ECF No. 44 at Pg ID 1446.) Further, the parties reached their settlement following negotiations with Sixth Circuit Mediator, Scott Coburn. (*Id.* at 1445.) Thus, this settlement was a product of an arm's length negotiation and is a reasonable compromise of disputed issues. *See In re Flint Water Cases*, 571 F. Supp. 3d 746, 780 (E.D. Mich. 2021), *motion to certify appeal denied*, No. 5:16-CV-10444, 2021 WL 5833416 (E.D. Mich. Dec. 8, 2021), and *amended in part,* No. 5:16-CV-10444-JEL, 2022 WL 3721774 (E.D. Mich. Jan. 20, 2022) ("[T]here

appears to be no better evidence of [a truly adversarial bargaining process] than the presence of a neutral third party mediator[.]") (citation omitted)

Regarding the second and third factors, the record demonstrates that the settlement will avoid complex, expensive, and perhaps protracted litigation (ECF No. 1 ¶¶ 14-15, Pg ID 5; ECF No. 12 at Pg ID 230,) and that counsel engaged in sufficient discovery to calculate the risks involved in continued litigation in preparation for mediation.

With respect to the fourth factor, the risk of establishing liability and damages further weighs in favor of final approval. Both parties face risks if the Court does not approve settlement because there are bona fide disputes. The resolution of this dispute creates risks either to Plaintiffs' potential award or Defendants' potential exposure under the FLSA.

The Court next turns to the fifth and sixth factors, the opinions of class counsel and class representative as well as the reaction of absent class members. During the video conference hearing, Counsel for the parties themselves represented that they are of the opinion that the settlement is a fair and reasonable resolution. There are no absent class members, as this is an opt-in case. (ECF No. 44 at Pg ID 1444.)

With respect to the seventh factor, public interest favors settlement. The Sixth Circuit has recognized that "the law generally favors and encourages the

7

settlement of class actions." *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981). Therefore, when considering these factors, the courts apply a "strong presumption" in favor of finding a settlement to be fair. *In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 985, 1008 (S.D. Ohio 2001) ("Being a preferred means of dispute resolution, there is a strong presumption by courts in favor of settlement."); *see also Bautista v. Twin Lakes Farms, Inc.*, 2007 WL 329162, at *5 (W.D. Mich. Jan. 31, 2007). The Court finds that the public interest weighs in favor of settlement because the settlement fairly and reasonably compensates Plaintiffs as the award exceeds their lost wages. (ECF No. 44 at Pg ID 1446.)

Additionally, courts have considered the plaintiffs' range of possible recovery as a relevant factor in determining whether a proposed FLSA settlement is fair and reasonable. *Wolinsky*, 900 F. Supp. 2d at 335; *see also Dees*, 706 F.Supp.2d 1227, 1241 (M.D. Fla. 2010). As mentioned, the settlement allocation awards Plaintiffs direct payments that exceed their lost wages. (ECF No. 44 at Pg ID 1446.) This is fair and reasonable and greatly exceeds the typical 7-11% recovery in FLSA cases. *See, e.g., Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1609, 2010 WL 776933, at *8 (N.D. Ohio Mar. 8, 2010) (citing Frederick C. Dunbar, Todd S. Foster, Vinita M. Juenja, Denise N. Martin, Recent Trends III: What Explains Settlements in Shareholder Class Actions? (National Economic Research Assocs. (NERA) June 1995)).

### C. Attorney's Fees and Costs

The Court also approves the parties' proposed settlement with respect to attorneys' fees and costs. "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F.Supp.2d at 336 (internal citation omitted). However, the Court is required to carefully examine the settlement "to ensure that the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients.'" *Id.* (internal citation omitted). The Court finds that the amount allocated for attorneys' fees is fair and reasonable considering the result reached in this case and the total number of hours that Plaintiffs' counsel dedicated to this matter.

### D. Confidentiality

Finally, the Court approves the Settlement Agreement despite the inclusion of a confidentiality provision requiring Plaintiffs to keep the amounts paid confidential. Publishing the agreement on the docket and redacting only the specific settlement amounts strikes a balance between Defendants' interests and the desire to inform future workers of their rights under the FLSA and the potential for recovery when those rights are violated. *See Scobey v. Gen. Motors, LLC*, No. 20-12098, 2021 WL 5040312, at *4 (E.D. Mich. Oct. 28, 2021) (citing *Athan v. U.S. Steel Corp.*, 523 F. Supp. 960, 968 (E.D. Mich. 2021)).

### IV. Conclusion

For the reasons stated, the Court is **GRANTING** the Stipulated Proposed Order for Approval of the Settlement Agreement and **ORDERS** as follows:

1. The settlement in this FLSA action accomplishes a fair and reasonable settlement of Plaintiffs' bona fide dispute.

2. Plaintiffs' counsel's requests for attorneys' fees and litigation expenses under the Settlement Agreement are fair and reasonable and are granted.

3. Without affecting the finality of this Order, the Court retains jurisdiction over this action to supervise the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement.

4. This action is hereby **DISMISSED** with prejudice as against Defendants and without attorney's fees or costs to any party except as provided in this Order.

5. The parties shall abide by all Settlement Agreement terms, which are incorporated herein, and this Order.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 11, 2022